**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RAYMOND LANE,

    Petitioner,                                     Civil No. 06-CV-10328
                                                          HONORABLE VICTORIA A. ROBERTS

v.

RAYMOND BOOKER,

    Respondent,

_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

Raymond Lane, ("petitioner"), presently confined at the Ryan Correctional Facility in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction on one count of assault with intent to rob while armed, M.C.L.A. 750.89; M.S.A. 28.284; two counts of armed robbery, M.C.L.A. 750.529; M.S.A. 28.797; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b; M.S.A. 28.424(2).  For the reasons stated below, petitioner's application for writ of habeas corpus is summarily denied.

**I. Background**

Petitioner was convicted of the above offenses following a jury trial in the Detroit Recorder's Court.  Petitioner's conviction has been affirmed on direct appeal by the Michigan Court of Appeals.  Petitioner has also been denied post-conviction relief, state habeas relief, and a writ of mandamus by the state courts.

1

Petitioner now seeks habeas relief, claiming that the state courts lacked jurisdiction over his criminal case because of defects in the criminal complaint.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970).

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that Petitioner's jurisdictional claim is meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v.*

*Egeler,* 532 F. 2d 1058, 1059 (6th Cir. 1976). Petitioner's claim that the trial court lacked jurisdiction to try his case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 Fed. Appx. 259, 266 (6th Cir. 2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law). Because Petitioner's claim that the felony complaint was jurisdictionally defective is based entirely on state law, it is not cognizable in federal habeas corpus review. *See Hogan v. Ward,* 998 F. Supp. 290, 295 (W.D.N.Y. 1998).

In addition, a jury's guilty verdict renders harmless any error in the charging decision. *United States v. Mechanik,* 475 U.S. 66, 73 (1986); *See also United States v. Tulk,* 171 F. 3d 596, 598 (8th Cir. 1999)("any injury sustained in the charging process is cured by a subsequent finding of guilt beyond a reasonable doubt"). Any collateral attack on the technical validity of the criminal complaint in this case is unreviewable because Petitioner was convicted by a jury in this case. *See Mattox v. Davis,* 2005 WL 2656610, * 2 (W.D. Mich. October 18, 2005). Accordingly, petitioner is not entitled to habeas relief on his claim.

### III.  Conclusion

The Court will deny the Petition for Writ of Habeas Corpus. The Court will also

deny a Certificate of Appealability to Petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*   A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). A district court thus has the power to deny a certificate of appealability *sua sponte. Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a Certificate of Appealability because he has failed to make a substantial showing of the denial of a federal constitutional right.  Jurists of reason would not find this Court's resolution of Petitioner's claim to be debatable or that he should receive encouragement to proceed further. *Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).  The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Grayson,* 185 F. Supp. 2d at 753.

### IV.   ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 6, 2006

---

The undersigned certifies that a copy of this document was served on the attorneys of record and petitioner by electronic means or U.S. Mail on February 6, 2006.

s/Carol A. Pinegar
Deputy Clerk

---